# JOSHUA C. JENKINS

*v.*

# LUCY H. DOOLITTLE.

1. TRUST—*enforced in equity.* Where a party sold land in considera-tion of the purchaser's agreement to pay off certain debts of the vendor, and the purchaser gave the money necessary for that purpose to a third party, who agreed to discharge the indebtedness, and the vendor con-veyed the land upon the representation of such third party that he had paid the debts, when in fact he had only paid a part of them, and one of the creditors, on the promise of payment by the third party, gave time until his judgment ceased to be a lien on the land sold, it was *held,* that such third party held the money in trust for the payment of the debts, and that a court of equity would enforce the trust by requiring him to pay the money in his hands, at the suit of the creditor

2. SAME—*trustee's right to claim compensation.* Where a trustee claims compensation for his services, he must show that he has discharged the trust; and if the agreement to pay him out of the fund is disputed, he must establish it by a preponderance of evidence.

3. SAME—*trustee—when charged with interest.* Where a person received money in trust to pay certain debts, and only paid a portion of them, and refused to pay the others, claiming the balance in his hands as compensa-tion, which claim he failed to establish, it was *held* proper to enter a decree against him for the sum in his hands, with interest from the time he ought to have paid out the same.

WRIT OF ERROR to the Circuit Court of Whiteside county; the Hon. W. W. HEATON, Judge, presiding.

Mr. WALTER STAGER, for the plaintiff in error.

Messrs. WILKINSON, SACKETT & BEAN, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery, and, as originally filed, was brought by Joshua C. and Wilson M. Jenkins against Lucy H. Doolittle and Henry and Martin L. Bush, to enforce an alleged vendor's lien.

The case made by the bill was, that on June 3, 1859, the complainants recovered a judgment against Henry and Martin L. Bush, for $299.40 and costs of suit; that afterward, Henry Bush sold certain real estate described in the bill, to Mrs. Doolittle, for $1000, provided she could compromise certain debts owing by Henry and Martin L. Bush, among which was the above named judgment, which was a lien upon the premises; that one Allen received $1500 from Mrs. Doolittle, and undertook to settle the debts specified, to the extent of $1000; that some time afterward, on February 5, 1866, Henry Bush, supposing that Allen had settled said judgment, made a deed of the property to Mrs. Doolittle; that Allen in fact paid no part of the complainant's judgment, and only paid about $700 in satisfaction of said debts; that Allen, by promises to pay the judgment, induced complainants to forbear enforcing its collection until the seven years limitation of the lien had run out.

The court below at first decreed that Bush have a vendor's lien on the premises for $300, with interest from February 5, 1866, and that the complainants be subrogated to the rights and equities of Bush in the property.

Mrs. Doolittle appealed from that decree, and at the September term, 1870, of this court, the decree was reversed for error in decreeing that there was a vendor's lien. It was then held that the money of Mrs. Doolittle in Allen's hands was a fund for the benefit of creditors; that Allen held it as a trustee for that purpose; that he should be compelled to execute the trust, and for that purpose should be made a party to the bill, and that if he still retained the money, a decree should be entered against him for the amount of the purchase money remaining in his hands; that if he had paid it over to Mrs. Doolittle, a decree should be taken against her; and the cause was remanded, with leave to amend the bill. *Doolittle et al.* v. *Jenkins et al.* 55 Ill. 401.

On the cause being reinstated in the court below, the bill was amended and Allen made a party. Some additional

evidence was taken, and on hearing the cause upon that and the former testimony in the case, there was a decree dismissing the bill, and the complainants bring this writ of error.

The testimony of Allen was taken and produced upon the first hearing of the cause in the court below, as well as that of Bush. According to the testimony of both, Bush gave Allen a list, in writing, of the claims to be settled, as the consideration for the property sold, which list Allen testified he had lost, and the material point of difference in their testimony was, whether this judgment of the complainants was on the list, Bush testifying that it was and Allen that it was not. This court, before, must have found the fact to be as stated by Bush. Additional testimony upon this point was taken at the second hearing, none of which corroborates Allen, but it does strongly corroborate Bush. The testimony was that of Mr. Dinsmoor, who testifies that in the winter of 1865–6, this judgment was placed in his hands for collection, upon which he ordered out execution; that Allen came to him and said he had been looking for some one to represent this judgment; that it was one of the judgments to be paid by Mrs. Doolittle; that her money had been placed in his hands for the purpose of paying it; that he would pay it, but desired a little time to get the money, which he had loaned; and at Allen's request, he ordered the execution to be returned, and the return on the execution shows that it was so returned, by order of Mr. Dinsmoor, February 21, 1866.

Consistently with the views before taken by this court of the testimony in the case, there is nothing which can be claimed in justification of the present decree, except, it may be, the claim on the part of Allen for services in the matter.

In his testimony on the first hearing, he says the aggregate amount paid out by him was $873, which left a balance in his hands of $127, which he supposed he should be allowed for services. In his additional testimony, on the second hearing, Allen says that in September, 1866, he made an arrangement with Bush to use the balance of Mrs. Doolittle's money

27—69TH ILL.

in paying off this judgment, and that Bush was then to pay him for his services in adjusting the claims.

This is denied by Bush, and is inconsistent with the testimony of Mr. Dinsmoor. Bush states that Allen was the agent of Mrs. Doolittle, and that on an adjustment being effected of all the claims specified, he was to make the deed for the property; that that was the consideration, and all the consideration for the deed. To discharge himself from his trust by such a claim for services, Allen must establish it by a preponderance of evidence. We think he has failed to do so.

The inquiry remains, how much of this fund did Allen use in paying claims. He says the aggregate amount paid out was $873. Bush says it was. not far from $700 according to the receipts passed over to him by Allen. Allen says he took receipts from the parties to whom he paid the money, and gave them to Bush. The latter produces three receipts amounting to $525, and says they are all that were given to him by Allen, except one for a small amount by Mr. Coblentz, which Allen afterward asked for and received back for some purpose. This testimony was all in the case at the time of the first hearing.

By the decree then made, the court below found that Allen had paid out only the sum of $700. Since then there has been ample time to supply the missing receipt, or any other testimony that was to be had upon the point of how much money had been paid out by Allen. There was no additional evidence before the court at the second hearing upon that point. We think the sum so paid out should be taken to be $700.

The decree will be reversed, and the cause remanded, with directions to the court below to enter a decree against Allen for the sum of $300, with interest thereon from February 5, 1866.

*Decree reversed.*